76 F.3d 393
 131 Lab.Cas. P 33,339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Calvin PHILLIPS, Plaintiff-Appellant,
v.
Eloy MONDRAGON, Secretary of Corrections; Canteen
Corporation, Defendants-Appellees.
 No. 95-2152.
 United States Court of Appeals, Tenth Circuit.
 Feb. 6, 1996.
 
 ORDER AND JUDGMENT[1]
 Before PORFILIO, McKAY and KELLY, Circuit Judges.[2]
 
 
 1
 Mr. Phillips appeals a remand judgment of the district court. In our initial opinion, we determined that the district court erred by dismissing Mr. Phillips' 42 U.S.C.1983 complaint pursuant to 28 U.S.C.1915(d), given his equal protection claim that he had been denied minimum wages while working at a private entity on prison grounds. See Phillips v. Mondragon, No. 94-2141, unpub. order and judgment (10th Cir. Nov. 30, 1994). Faithful to our judgment, the district court ordered a Martinez report and the Defendants thereafter moved for summary judgment. We have evaluated the summary judgment record de novo in accordance with the standards set forth in Fed.R.Civ.P. 56(c), Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), and Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The uncontroverted facts establish that Defendant Canteen, rather than operating as a private commercial industry on prison grounds, see N.M. Stat. Ann. 33-8-13 (Michie 1990), operates pursuant to a service contract with the Department of Corrections and subject to the New Mexico Procurement Code. The uncontroverted facts further establish that the prison, and not Canteen, was Mr. Phillips' employer, consequently, the Fair Labor Standards Act does not apply. Franks v. Oklahoma State Indus., 7 F.3d 971, 973 (10th Cir.1993). Ergo, Mr. Phillips' equal protection claim cannot succeed.
 
 
 2
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered submitted without oral argument